UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL PHILLIPS, M.D. AND ALYCE RICHARD PHILLIPS** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **USAA CASUALTY INSURANCE COMPANY** | **MAG. JUDGE** |

## USAA CIC'S NOTICE OF REMOVAL

USAA Casualty Insurance Company ("USAA CIC"), while fully reserving its right to object to service, jurisdiction, and venue, and without waiving any other defenses or objections, removes the civil action styled *Paul Phillips, M.D. and Alyce Richard Phillips versus USAA Casualty Insurance Company*, Case Number 2023-00747 in the Civil District Court for the Parish of Orleans, State of Louisiana ("state court action"), to this Court.

**I.   STATEMENT OF THE CASE**

1. On January 26, 2023, Paul Phillips, M.D. and Alyce Richard Phillips ("Dr. Phillips and Ms. Richard") filed the state court action (Exhibit "A"). The petition was served on the Secretary of State on March 6, 2023.

2. Dr. Phillips and Ms. Richard allege Hurricane Ida (August 29, 2021) caused damage to their property located at 911/913 Navarre Street, New Orleans, Louisiana 70124 (the "property"). (*See* Ex. A at Pet., ¶ 3 and ¶ 6.)

3. They maintain USAA CIC issued policy number 01000593690A (the "policy") to insure the property against perils including wind, hail, water, windstorm, and other damages as alleged by the Plaintiffs. (*See* Ex. A at Pet., ¶ 5.)

4. Dr. Phillips and Ms. Richard assert that USAA CIC breached the terms and conditions of the policy, failed to fulfill its obligations under the insurance policy, breached its duty of good faith and fair dealing that it owed to the Plaintiffs, and is liable to the Plaintiffs for a) failing to pay for all damages due under the policy; b) failing to include all damages in the scope of loss/damage estimate; c) failing to appropriately value the cost of repairs given the extensive damage; d) failing to bring in qualified professionals to timely and properly assess all of the damages; e) failing to timely tender amounts owed under the policy; f) unnecessarily delaying payment of the full value of the claim; g) overly depreciating the value of the property and the value of its contents items; h) refusing to explain or provide the insureds with a copy of the depreciation schedule used to calculate depreciation; i) failing to provide any explanation for failure to pay; j) failing to pay for post-catastrophe price increases; k) breaching the insurance contract between Plaintiffs and USAA; l) misrepresenting to Plaintiffs the terms and conditions of the insurance contract; m) failing to timely and properly communicate with the insured; n) arbitrarily withholding amounts due under Plaintiffs' proof of loss that were not disputed by USAA; o) manipulating its pricing software to artificially suppress the cost of repairs below market value; and p) arbitrarily and capriciously failing to investigate, initiate loss adjustment, analyze and pay the claim in good faith and within a reasonable period of time. (*See id.* at ¶ 55.)

5. Dr. Phillips and Ms. Richard seek, *inter alia*, penalties and damages from USAA CIC for property value diminution, repair costs, contents loss, additional living expenses, fair rental value, penalties and violations of Louisiana Revised Statutes 22:1892 and 1973 under breach

of contract and bad faith theories. (*See id.* at ¶ 55 and ¶ 56.) They also seek to recover attorneys' fees and general and special damages pursuant to Louisiana Revised Statutes 22:1892 and 1973. (*See id.* at ¶ 56.)

## II. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

6. This case is removable under 28 U.S.C. § 1441(a) and this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of costs. 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

### A. The parties are completely diverse.

7. Dr. Phillips and Ms. Richard aver they are domiciled in Orleans Parish, Louisiana. (*See* Ex. A, Pet. at ¶ 1) They are Louisiana citizens.

8. For diversity purposes, a corporation is a citizen of its state of incorporation and also of the state in which it has its principal place of business. *Med. Rsch. Centers, Inc. v. St. Paul Prop. and Liab. Ins.*, 303 F. Supp. 2d 811, 813 (E.D. La. 2004).

9. USAA CIC is incorporated in Texas and maintains its principal business office in San Antonio, Texas. USAA CIC is a Texas citizen.

### B. The amount in controversy exceeds $75,000.

10. The Fifth Circuit articulated a "clear analytical framework" for assessing the amount in controversy in cases removed from Louisiana state courts, where a plaintiff is prohibited from pleading a specific numerical value of damages in the petition. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000). Accordingly, a removing defendant must prove by a

preponderance of evidence that the amount in controversy exceeds seventy-five thousand and no/100 ($75,000.00) dollars, either by demonstrating it is "facially apparent" the claims are likely to exceed $75,000, or by setting forth facts in controversy that support finding the requisite amount. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000)*; Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999).

11. Here, it is facially apparent from the petition the amount in controversy exceeds seventy-five thousand and no/100 ($75,000.00) dollars, exclusive of interest and costs. Dr. Phillips and Ms. Richard allege that Property Damage Consultants, LLC inspected the Property and created a report indicating that the Property had been damaged by Hurricane Ida including an estimate documenting the amounts required to be paid for repair and replacement to the main building ($194,737.68), other structures ($1,769.84), and temporary repairs ($2,974.40). (*See* Ex. A at Pet., ¶ 14.) Further, Plaintiffs allege that "USAA subsequently failed to respond to Plaintiffs' February 15, 2022 correspondence and request for payment. USAA made no payment on the claim and neglected to provide Plaintiffs with any further information." (*See* Ex. A at Pet., ¶ 20.) Dr. Phillips and Ms. Richard do not stipulate the amount of damages they seek is less than $75,000.00, nor have they offered a stipulation they will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required under *Davis v. State Farm Fire & Casualty Company*, 06-0560, 2006 WL 1581272, at *3 (E.D. La. June 7, 2006).

12. Dr. Phillips and Ms. Richard seek attorneys' fees and statutory damages, which are to be considered in evaluating the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

13. Dr. Phillips and Ms. Richard cite Louisiana Revised Statutes § 22:1892, which provides for statutory damages of 50% or half of the amounts allegedly due and not paid under the

policy, plus attorneys' fees and costs. (*See id.* at ¶¶ 58.) They also cite Louisiana Revised Statutes § 22:1973, which provides recovery of penalties of two times the alleged damages sustained or a penalty on top of the actual damages of up to two-times the actual damages. (*See id.*) For these reasons, it is apparent from the face of the Petition that the amount in controversy clearly exceeds $75,000.

### III. PROCEDURAL COMPLIANCE

14. Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), USAA CIC attaches as Exhibit A, a copy of all pleadings and orders in the state court record. USAA CIC also includes the service returns forwarded by the Louisiana Secretary of State and CSC Representation Services.

15. Pursuant to 28 U.S.C. § 1446(b), USAA CIC timely files its removal notice because it is filing within 30 days of service and notice of Dr. Phillips and Ms. Richard filing the petition.

16. Pursuant to 28 U.S.C. § 1446(d), USAA CIC will promptly send a copy of the removal notice to all counsel of record and will file a copy with the Clerk of Court for the Civil District Court for the Parish of Orleans.

17. Venue is proper for removal purposes in this Court because the United States Court for the Eastern District of Louisiana embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a).

### IV. CONCLUSION

Defendant USAA CIC prays the state court action be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted this 5th day of April, 2023.

**MCGLINCHEY STAFFORD, PLLC**

*/s/ Lauren N. Baudot*
Francis H. Brown, III (La. Bar Roll No. 16831)
Daniel T. Plunkett  (La. Bar. Roll No. 21822)
Angelina Christina (La. Bar Roll No. 28530)
Lauren N. Baudot (La. Bar Roll No. 36367)
Farren L. Davis (La. Bar Roll No. 38714)
Gillian Rose Miculek (La. Bar Roll No. 40452)
Jaina D. Green (La. Bar Roll No. 40378)
601 Poydras Street – Suite 1200
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:   (504) 596-2800
E-mail:   fbrown@mcglinchey.com
              dplunkett@mcglinchey.com
              achristina@mcglinchey.com
              fdavis@mcglinchey.com
              gmiculek@mcglinchey.com
              jgreen@mcglinchey.com

**-and-**

Remington M. Angelle (La. Bar Roll No. 38126)
Lucas Schenk (La. Bar Roll No. 39330)
301 Main Street, Suite 1400
Baton Rouge, Louisiana 70801
Telephone:  (225) 383-9000
Facsimile:   (225) 343-3076
E-mail:   rangelle@mcglinchey.com
              lschenk@mcglinchey.com

***Attorneys for USAA Casualty Insurance Company***

### CERTIFICATE OF SERVICE

I certify that on April 5, 2023, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Lauren N. Baudot*